Labauve, J.
The indictment charged that Trozin P. Bilbo, late of the parish aforesaid, on the — day of June, A. D. 1865, with force and arms, in the parish, district and State aforesaid, and within the jurisdiction of the Ninth Judicial District Court, one bay horse, of the goods and chattels of John Swartzenburg, Jr., of the value of one hundred dollars, feloniously did steal, take and carry away, contrary to the form of the statuto in such case made and provided, and against the peace and dignity of said State.
The grand jury found a true bill, which was exhibited and filed on the 6th day of October, 1866.
The accused, by his counsel, filed a motion to quash the indictment, on the ground, that the crime alleged to have been committed is barred by prescription ; that the same facts as contained in the indictment were made known to a public officer having power to investigate, but no action was had or taken.
*77 Wherefore, he prays that the indictment be quashed, more than a year having elapsed since the alleged crime was committed, and that the accused be released, the statute of limitation having prescribed the action.
The District Court sustained the motion, and the district attorney took a bill of exceptions and moved for an appeal, which was granted.
We are of opinion that the Court did not err. It was the duty of the State to negative in the indictment the fact that prescription had accrued, by alleging that no information of the commission of the offense had, within one year next after the offense, been given to an officer authorized to direct the investigation or prosecution.
On its face, the indictment does not contain everything essential to the punishment of the accused, and which must have been found by the jury before sentence could be rendered. R. S. p. 161, 11. The State v. Foster, 7 An. 255. We have lately reaffirmed that decision.
Judgment affirmed.